UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

**MECQUON J. JONES,**

      **Plaintiff,**

      v.                                                             Case No. 25-C-1816

**ASCENSION LIVING LAKESHORE AT SIENA,
ASCENSION ALL SAINTS, JOHN DOES 1–7, and
WISCONSIN PATIENTS COMPENSATION FUND,**

      **Defendants.**

---

## SCREENING ORDER

---

Plaintiff Mecquon J. Jones, who is currently serving a state prison sentence at Fox Lake Correctional Institution and representing himself, filed a complaint under 42 U.S.C. § 1983, alleging that his civil rights were violated. This matter comes before the court on Plaintiff's motion for leave to proceed without prepaying the full filing fee and to screen the complaint.

### MOTION TO PROCEED WITHOUT PREPAYMENT OF THE FILING FEE

Plaintiff has requested leave to proceed without prepayment of the full filing fee (*in forma pauperis*). A prisoner plaintiff proceeding *in forma pauperis* is required to pay the full amount of the $350.00 filing fee over time. *See* 28 U.S.C. § 1915(b)(1). Plaintiff has filed a certified copy of his prison trust account statement for the six-month period immediately preceding the filing of his complaint, as required under 28 U.S.C. § 1915(a)(2), and has been assessed and paid an initial partial filing fee of $57.19. Plaintiff's motion for leave to proceed without prepaying the filing fee will be granted.

## SCREENING OF THE COMPLAINT

The court has a duty to review any complaint in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity, and dismiss any complaint or portion thereof if the prisoner has raised any claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b). In screening a complaint, I must determine whether the complaint complies with the Federal Rules of Civil Procedure and states at least plausible claims for which relief may be granted. To state a cognizable claim under the federal notice pleading system, Plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief." Fed. R. Civ. P. 8(a)(2). It must be at least sufficient to provide notice to each defendant of what he or she is accused of doing, as well as when and where the alleged actions or inactions occurred, and the nature and extent of any damage or injury the actions or inactions caused.

"The pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). "The tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions. Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.* A complaint must contain sufficient factual matter, accepted as true, to "state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 556. "[T]he complaint's allegations must be enough to raise a right to relief above the speculative level." *Id.* at 555 (internal quotations omitted).

# The Court's Analysis

Plaintiff asserts that he is bringing this action on behalf of his mother, Ms. Simmons. Ms. Simmons was a resident at Ascension Living Lakeshore at Siena when she suffered a heart attack and passed away on November 13, 2022. Plaintiff alleges that Defendants failed to exercise reasonable care in monitoring, supervision, and treating Ms. Simmons, which resulted in her death. Plaintiff seeks to proceed on the following claims against Defendants: (1) violations of federal nursing home regulatory statutes, (2) negligence, (3) violations of state nursing home regulatory statutes, (4) corporate negligence, (5) breach of contract, (6) loss of consortium, and (7) punitive damages.

As an initial matter, it is unclear whether Plaintiff is legally authorized to bring this lawsuit. Federal courts look to state law to determine whether a 42 U.S.C. § 1983 claim survives the victim's death. *See Hutchinson on Behalf of Baker v. Spink*, 126 F.3d 895, 898 (7th Cir. 1997). Under Wisconsin law, actions for injuries sustained by a victim prior to her death must be brought by the decedent's personal representative to benefit the decedent's estate. *See* Wis. Stat. §§ 877.01; 895.01. Plaintiff's complaint contains no allegations that there is an active estate or that he has been appointed the personal representative of the estate. Even if there was an active estate and Plaintiff was the personal representative, Plaintiff cannot proceed *pro se* on behalf of the estate unless is he is the sole beneficiary of the estate. "Although individuals have a right to proceed pro se, administrators do not act on behalf of themselves, but on behalf of all of the beneficiaries of an estate. Consequently, if the administrator is not the sole beneficiary of the estate, then he or she may not represent the estate in court." *Malone v. Nielson*, 474 F.3d 934, 937 (7th Cir. 2007) (citations omitted). Though Plaintiff alleges that he is the son of Ms. Simmons and "is a person to whom the amount recovered belongs," Compl at 1, Dkt. No. 1, the complaint contains no allegations that Plaintiff is the sole beneficiary of the estate.

Even if Plaintiff was legally authorized to bring this lawsuit, the court finds that it has no subject matter jurisdiction over this action. Federal courts are courts of limited jurisdiction. In general, they are only authorized to resolve disputes where the case arises under federal law, 28 U.S.C. § 1331, or that arise between citizens of different States where the amount in controversy exceeds $75,000, 28 U.S.C. § 1332. In this case, complete diversity does not exist because Plaintiff has alleged that he and the defendants are citizens of Wisconsin.

For a court to exercise federal question jurisdiction, a well-pleaded complaint must establish "that federal law creates the cause of action or that plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Franchise Tax Bd. v. Constr. Laborers Vacation Trust*, 463 U.S. 1, 27–28 (1983). Plaintiff claims that Defendants violated certain regulations of the Omnibus Budget Reconciliation Act (OBRA), 42 U.S.C. § 1395i–3. The OBRA regulations "are part of a regulatory scheme designed to bring long term care facilities into substantial compliance with federal Medicare and Medicaid requirements and were not intended to establish an independent cause of action for violations of those requirements." *Tinder v. Lewis County Nursing Home Dist.*, 207 F. Supp. 2d 951, 957 (E.D. Mo. 2001) (collecting cases). In other words, the OBRA does not create a private cause of action under which Plaintiff can sue.

Plaintiff's remaining claims for negligence, breach of contract, and violations of Wisconsin law are based in state law and are insufficient to establish jurisdiction. While a court may exercise supplemental jurisdiction over state law claims pursuant to 28 U.S.C. § 1367, it may not do so without having original jurisdiction over a related claim. Because Plaintiff has failed to state a claim over which this court has original jurisdiction, the court cannot exercise jurisdiction over any of Plaintiff's state law claims.

In sum, Plaintiff has failed to state a claim over which this court has jurisdiction. The court will not opine as to whether Plaintiff has valid state law claims; such claims belong in state, not federal, court, and Plaintiff is free to seek relief there.

**IT IS THEREFORE ORDERED** that Plaintiff's motion for leave to proceed *in forma pauperis* (Dkt. No. 2) is **GRANTED**.

**IT IS FURTHER ORDERED** that this action is **DISMISSED** pursuant to 28 U.S.C. §§ 1915(e)(2)(B) and 1915A(b)(1) **for failure to state a claim**.

**IT IS FURTHER ORDERED** that the Clerk of Court document that this inmate has incurred a "strike" under 28 U.S.C. §1915(g).

**IT IS FURTHER ORDERED** that the agency having custody of the prisoner shall collect from his institution trust account the $292.81 balance of the filing fee by collecting monthly payments from Plaintiff's prison trust account in an amount equal to 20% of the preceding month's income credited to the prisoner's trust account and forwarding payments to the Clerk of Court each time the amount in the account exceeds $10 in accordance with 28 U.S.C. § 1915(b)(2). The payments shall be clearly identified by the case name and number assigned to this action. If Plaintiff is transferred to another institution, the transferring institution shall forward a copy of this order along with Plaintiff's remaining balance to the receiving institution.

**IT IS FURTHER ORDERED** that the Clerk of Court enter judgment accordingly.

**IT IS FURTHER ORDERED** that copies of this order be sent to the officer in charge of the agency where the inmate is confined and emailed to DLSFedOrdersEastCL@doj.state.wi.us.

Dated at Green Bay, Wisconsin this __30th__ day of December, 2025.

_____
William C. Griesbach
United States District Judge

This order and the judgment to follow are final. Plaintiff may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **30 days** of the entry of judgment. *See* Fed. R. App. P. 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. *See* Fed. R. App. P. 4(a)(5)(A). If Plaintiff appeals, he will be liable for the $605.00 appellate filing fee regardless of the appeal's outcome. If Plaintiff seeks leave to proceed *in forma pauperis* on appeal, he must file a motion for leave to proceed *in forma pauperis* with this court. *See* Fed. R. App. P. 24(a)(1). Plaintiff may be assessed another "strike" by the Court of Appeals if his appeal is found to be non-meritorious. *See* 28 U.S.C. § 1915(g). If Plaintiff accumulates three strikes, he will not be able to file an action in federal court (except as a petition for habeas corpus relief) without prepaying the filing fee unless he demonstrates that he is in imminent danger of serious physical injury. *Id.*

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Federal Rule of Civil Procedure 59(e) must be filed within **28 days** of the entry of judgment. Any motion under Federal Rule of Civil Procedure 60(b) must be filed within a reasonable time, generally no more than one year after the entry of judgment. The court cannot extend these deadlines. *See* Fed. R. Civ. P. 6(b)(2).

A party is expected to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.